IN THE MATTER OF THE APPLICATION OF THE NEW YORK AND HARLEM RAILROAD COMPANY.

*Taking of a street by a railroad — the owner of a lot fronting on the street at a point beyond the limits of the part taken, is not entitled to notice or compensation — a party by accepting the award waives his right to appeal from the order appointing the commissioners.*

The city of New York and the owner of a lot fronting on Fourth avenue appealed from an order appointing commissioners to ascertain and appraise the compensation to be made to the mayor, aldermen and commonalty of the city of New York, for the taking of portions of certain streets therein, by a railroad company, under chapter 261 of 1884. The act authorized the company to enlarge its passenger depot, by extending it easterly to a line parallel with and eighty feet easterly from the then existing easterly line of Fourth avenue, and extending from the northerly line of Forty-second street to the southerly line of Forty-fifth street. The portions of Fourth avenue and the intersecting streets, which were to be taken, had been opened in proceedings instituted pursuant to the provisions of the city charter, and the costs and expenses of so doing had been assessed upon the property benefited. The lot owned by the party appealing, was situated on Fourth avenue, eighty-five feet five inches northerly from Fifty-third street. It did not appear that any assessment for opening any of the streets had been paid by him or that he was the owner of the lot at the time any of such assessments were levied.

*Held,* that as the fee of the street was vested in the city, and as the only interest that the lot owner had in it was that it should be kept open for a street and used only for street purposes, and as his lot did not abut upon any portion of the street to be taken, he was not entitled to any notice of the proceedings or to receive any compensation for the closing of the street.

*It seems* that if he were an abutting owner along the line of the street to be taken he would be entitled to compensation for any damage which the change of the avenue in front of him might occasion.

That as it appeared that the city had received the compensation made in the proceedings taken for the purpose of acquiring the land, it could not appeal from the order appointing the commissioners.

APPEAL from an order made at a Special Term appointing commissioners to ascertain and appraise the compensation to be made to the mayor, aldermen and commonalty of the city of New York, under chapter 261 of the Laws of 1884.

*John C. Shaw*, for the appellant.

*Henry H. Anderson*, for the respondent.

BRADY, J.:

The Fourth avenue was opened from Thirty-eighth street to One Hundred and Twenty-fifth street by various commissions, beginning in 1853, and the property owners fronting upon it were assessed for the extension.  The New York and Harlem Railroad Company were incorporated pursuant to chapter 263 of the Laws of 1831, and the several acts amendatory thereof, and by chapter 261 of the Laws of 1884 the company was authorized to enlarge their passenger depot by extending it easterly to a line parallel with the then existing easterly line of the Fourth avenue and eighty feet easterly therefrom, extending from the northerly line of Forty-second street to the southerly line of Forty-fifth street.  The land which the company were thus authorized to acquire embraced portions of the blocks of land between Forty-second and Forty-fifth streets and the easterly portion of Fourth avenue between those streets, and portions of Forty-third and Forty-fourth streets.  Section 5 of the act of 1884, already mentioned, provided that nothing should be so construed as to allow the company to take any part of the street belonging to the city without compensation, to be ascertained as provided by the first section of the act, and the commissioners appointed were directed to appraise the value of the strip of land to be acquired for a new street, and to award the value thereof toward the payment for lands taken which then formed a portion of the public streets.  Under this act proceedings were had, and a petition was presented in reference to the *locus in quo* already described.

Mr. Buckley appeared to oppose, and an affidavit was read on his behalf to the effect that he was the owner of a lot on Fourth avenue eighty-five feet five inches northerly from Fifty-third street, and that he was informed and believed that the lot owned by him

was assessed for the opening of Fourth avenue from Thirty-eighth street to One Hundred and Thirty-fifth street, confirmed in 1883. But it does not appear that an assessment, if any were levied, was paid by him, or that he was the owner of the lot at the time that assessment was levied.

An affidavit was also read by Arthur Berry on behalf of the corporation, showing that proceedings by commissioners for opening the avenue were confirmed in 1853, and subsequently, and that property owners representing thousands of lots were assessed for the expense thereof, between Thirty-eighth street and One Hundred and Thirty-fifth street, and that Forty-third, Forty-fourth and Forty-fifth streets were opened from the East river to the Hudson river in the years 1837 and 1838 ; that property owners representing over two thousand lots fronting on the streets were assessed for the openings ; and further, that none of the property owners had been made parties to this proceeding, or had been served with notice of it.

Notwithstanding the opposition thus made commissioners were appointed. From the order expressing that result an appeal was taken by the counsel to the corporation and also by Mr. Buckley. It is asserted in the brief of the respondent, however, as affecting its appeal, and it was not gainsaid upon the argument, that after the commissioners were appointed proceedings were had before them, in which the corporation was represented and awards made to it, and also that their report was confirmed on notice to the city, and the award made to it paid to and accepted by it.

There can be no doubt that, under the act of 1813 (chap. 86), the fee of the land forming the Fourth avenue, a part of which the company sought to obtain, was, by the ceremony of laying out the street, vested in the city. Mr. Buckley, though an abutting owner on the avenue, was not of that part of it which was desired by the company, and for the acquisition of which the commissioners were appointed. His premises fronting on the avenue were some distance north of the *locus in quo*. The only interest he had in it, therefore, entitled to any consideration in this proceeding, is suggested by his counsel, namely, that the avenue upon which he is an abutting owner " should be kept open for a street, and used only for street purposes." If he were an abutting owner along the line of the part of the street taken, he would no doubt be entitled to compen-

sation for any damage which the change of the avenue in front of him might occasion ; and to this extent the authorities cited by his counsel would justify the proposition which he asserts in that regard. But, as already said, he is not an abutting owner of the *locus in quo*, and it is not understood, therefore, that he was entitled to any notice of this proceeding. The fee being vested in the city, of the part of the street which was appropriated for the enlargement of the company's depot, the corporation was entitled to notice as such owner, which was properly given in that respect, and, as appears, the city was not only given but received a compensation for that part of the street which was obtained by the company. No other owner, if any there be having the right to do so, appears to object. The proceedings seem to have been in accord with the act of 1884 (*supra*) therefor.

The city has no standing upon this appeal, however, for the reason that it received the compensation made in the proceedings taken for the purpose of acquiring the land appropriated, and Mr. Buckley, the other appellant, not being an abutting owner as to the *locus in quo*, as already stated, has no interest other than in the continued use of the whole street an interest in common with the citizens of the city of New York, and for the interference, or supposed interference, with which he is not entitled to any compensation. The corporation represented his interest in such proceedings.

For these reasons the order should be affirmed.

DAVIS, P. J., and DANIELS, J., concurred.

Order affirmed.